By the Court.—Freedman, J.
This is an appeal from a judgment, upon exceptions taken at the trial of the ac'.ien at the trial term of this court. The action was upon a promissory note ,made by the defendant to his own order for five thousand,dollars, dated January 23, 1868, and by him indorsed and delivered to the plaintiff. The defendant by his answer admitted the male-'’ ing, indorsement, and delivery of the note, that the same is held and owned by the plaintiff, and the nonpayment thereof, but claimed that the said note was a renewal of another note made by the defendant, dated April 27, I860, that the original note was loaned to the plaintiff, and was without consideration, and that the note in suit was given in renewal thereof for the accommodation of the plaintiff.
The defendant, having the affirmative of the issue, was examined at the trial as a witness on his own behalf, and substantially proved the allegations contained in his answer, and among other things testified that the plaintiff, having.organized a scheme for the purchase, of a large tract of land in West Virginia, applied to the defendant for a loan of his note, so that he, the plaintiff, could get it discounted,' and thus be enabled to raise money to pay on account of this property. On his • cross-examination the clefendant was required to state from whom the. lands in West Virginia were to be purchased. The question was objected to, but allowed, and defendant now insists, that it was error to suffer the counsel of the plaintiff to pursue that subject. ’Ilhink *219 the question was entirely proper to identify a transaction testified to by the defendant upon his direct examination, and its admissibility was, to say the least, a question resting in the sound discretion of the justice ■presiding at the trial, with which the court at general term will not interfere. _ |
The next exception relates to the admission in evidence of a certain deed relating to this West Virginia land. The defendant had rested; the plaintiff had gone upon the stand and shown that the original note was not loaned, but delivered in payment for an interest in this land given by plaintiff to defendant. To corroborate his statement, the plaintiff offered in evidence a certain deed bearing date seven days prior to that of the original note. The counsel for the defendant objected on the ground “that it appeared by the deed then produced and exhibited, that the part which expressed the interest purporting to be conveyed by it to the parties was interlined, and that there was no proof that it was in that state at the time of its pretended delivery.” The form of this objection does not entitle the appellant to argue the question' of the sufficiency of the evidence of a delivery of the deed, upon appeal, for the first time. The deed itself has not been printed in the papers, upon which the appeal is brought on, and there is no other evidence from which I could judge whether the ground upon which the objection was actually put, namely, the existence of a material interlineation, existed in point of fact. I certainly cannot, on appeal, assume that the fact alleged in regard' thereto was true. But even if such interlineation did appear from the-deed,'' I am inclined to think that the deed was admissible without previous explanatory testimony in relation to( ' such interlineation. The question to be tried was whether there was. a loan of the note, or whether a consideration was given for it. Under the pleadings, the defendant, if liable at all, was liable for the full amount of the note; nor did he at the trial propose to litigate *220 the question of a partial failure of consideration. The deed referred to was offered simply as a piece of corroborative evidence to sustain plaintiff’s version in regard to the main issue. No error,- therefore, was committed by its reception.
The only remaining exception was taken to the refusal of the court to permit the defendant, when recalled for the purpose of rebutting plaintiff’s testimony, to be re-examined generally as to the transaction in regard to the purchase of the land. But, inasmuch as it appears' that the defendant was subsequently allowed, in answer to specific questions, to give such further evidence as to the details of the transaction, ás he desired, this exception is clearly untenable.
The judgment should be affirmed, with costs.'
Barbour, Ch. J.—I concur.